FILED IN CLERK'S OFFICE
U _ C _ 'anta

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEC 1 1 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| JAMES M. CAPONE, ) | CIVIL ACTION FILE |
| Plaintiff ) | NO.: **1:06-cv-3014** |
| v. ) | |
| AETNA LIFE INSURANCE COMPANY, ) | |
| COX ENTERPRISES, INC., ) | **-MHS** |
| and THE COX ENTERPRISES, INC. ) | |
| WELFARE BENEFIT PLAN ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, JAMES M. CAPONE, through undersigned counsel, pursuant to

Federal Rule of Civil Procedure 3, herewith files the within Complaint against

Defendants AETNA LIFE INSURANCE COMPANY, COX ENTERPRISES, INC.

and THE COX ENTERPRISES, INC. WELFARE BENEFITS PLAN, and alleges:

1.   Plaintiff, JAMES M. CAPONE is an Ohio resident.

2.   Defendant AETNA LIFE INSURANCE COMPANY ("AETNA") is a

Connecticut Corporation registered to conduct business in the State of

Georgia.  Its registered agent is CT Corporation System, 1201 Peachtree

Street NE, Atlanta GA 30361

3. Defendant COX ENTERPRISES, INC. WELFARE BENEFIT PLAN is an employee welfare benefit plan as defined by ERISA § 3 (1), 29 U.S.C. § 1002 (1), and its registered agent for service of process is Cox Enterprises, Inc., c/o Corporation Service Company, 40 Technology Parkway South, #300, Norcross, GA 30092

3. Defendant COX ENTERPRISES, INC. ("COX"), is a Georgia Corporation with its principal offices in Atlanta, Georgia and is a plan sponsor and plan administrator of the Defendant Cox Enterprises, Inc. Welfare Benefits Plan, as those terms are defined in ERISA § 3 (16), 29 U.S.C. § 1002 (16). Its registered agent for service of process is Corporation Service Company, 40 Technology Parkway South, #300, Norcross, GA 30092

4. At all times material, JAMES M. CAPONE was an employee of Dent Wizard International, Inc., which was and is a wholly-owned subsidiary corporation of Cox Enterprises, Inc. Mr. Capone was a participant in the Cox Enterprises, Inc. Welfare Benefit Plan (hereafter, "the Plan"). The Plan included coverage and benefits for "accidental death and personal loss." (hereafter "AD & PL")

5.     COX ENTERPRISES, INC. is the plan sponsor and plan administrator of the Plan. AETNA is the contracted fiduciary to the Plan in relation to accidental death & disability benefits provided under the Plan.  Both COX and AETNA are fiduciaries with responsibility for administration of the Plan and therefore both are proper parties to this action.

6.     The Court has subject matter jurisdiction over this ERISA action because it arises under the laws of the United States 28 USC Section 1331 and ERISA Section 502 (e)(2).

7.     Venue is proper in this District pursuant to 28 USC Section 1391 (b) and ERISA Section 502 (e)(2) as Defendant COX ENTERPRISES, INC. is headquartered in the Northern District of Georgia, Atlanta Division.

8.     On or about April 4, 2004, Plaintiff, JAMES M. CAPONE, sustained a catastrophic injury as a result of a swimming accident, leaving him completely paralyzed from the neck down and a quadriplegic.  The injury occurred during the course and scope of his supervision of Dent Wizard International, Inc. employees during an employer-sponsored training and incentive program.   Defendant COX had knowledge of the events surrounding Mr. Capone's accident through personal observations of employees of COX, its involvement in sponsoring the event at which Mr.

Capone was injured and information obtained in the course of employment of Mr. Capone.

9.   Defendant COX has delegated to AETNA responsibility for determining a participant's eligibility under the AD& PL Plan and for administering the claims procedures of the AD& PL plan in accordance with claims procedures under ERISA. AETNA retains records related to claims administration in its possession, custody and control.

10.   Benefits under the Plan are funded through an insurance contract and insurance policy with AETNA. AETNA collects premiums for the insurance policy and pays benefits to eligible participants pursuant to the insurance policy.

11.   Mr. Capone provided appropriate and timely Notice of his Claim, completed all requested claim forms, and submitted all requested medical and other documentation requested by AETNA, establishing his entitlement to AD&PL benefits authorized under the Plan.

12.   Notwithstanding his established entitlement to the "AD&PL" benefits, AETNA, on behalf of COX, by letter dated February 8, 2006, denied Mr. Capone's claim for AD&PL benefits.

13.   By letter dated February 28, 2006, Mr. Capone requested all documents

and objective rules, guidelines, or protocols relied upon by AETNA in its review of the claim, including witness interviews referenced in AETNA's February 8, 2006 denial. The documents provided in response to this request were either incomplete or failed to demonstrate that AETNA had provide a thorough review of the Plaintiff's claim for benefits, and did not include any witness interviews.

14.  Notwithstanding AETNA's failure to provide the documents requested that AETNA claimed to have relied upon for its denial, Mr. Capone timely filed his administrative appeal on March 29, 2006 by furnishing a detailed analysis and documentation, including photographs of the location where the subject incident occurred; an Affidavit from an eyewitness refuting AETNA's claim basis for denial; U.S. Government issued objective guidelines contradicting AETNA's interpretation of Plan terms it purported to rely on; and other materials, establishing that AETNA's February 8, 2006 denial was in error and was arbitrary and capricious.

15.  By letter dated May 31, 2006, AETNA denied Mr. Capone's administrative appeal, citing as a principal ground that Mr. Capone "voluntarily" dove into the water; and therefore, his resulting catastrophic

injury was not an accident, as AETNA subjectively chose to define the Plan term accident. In addition, the rationale offered by AETNA to deny benefits differed from the original basis for denying benefits, without any explanation for the change in the basis for its denial.

16. Defendants AETNA and COX have a financial self-interest in denying AD&PL benefits to participants, as it minimizes the amount of benefits paid by AETNA and/or COX.

17. In connection with its denial of Mr. Capone's administrative Appeal, AETNA and COX failed to provide Mr. Capone with objective rules, guidelines, or protocols it used to evaluate accidental injuries and disregarded objective guidelines and protocols offered by Mr. Capone to interpret the Plan terms.

18. Based upon AETNA and COX's failure to inform and provide Mr. Capone with the objective guidelines and/or definitional guidelines utilized by AETNA to evaluate Mr. Capone's claim, the changed reasoning for denying the claim without explanation for the change, and its disregard of objective guidelines and protocols provided by Mr. Capone, it should be presumed that AETNA did not utilize any objective rule, guideline, or protocol to evaluate this claim. As evidenced by

AETNA's February 8, 2006 initial denial and May 31, 2006 denial of Mr.

Capone's administrative appeal, AETNA and COX chose to use its own

self serving, subjective, arbitrary and capricious notions to evaluate Mr.

Capon's claim for benefits.

19.     AETNA and COX's cited basis for denial of this claim was and is

contrary to the plain objective and documentary evidence, guidelines, and

definitions, provided by Mr. Capone. AETNA claimed that Plaintiff dove

from a height of fifteen (15) to twenty (20) feet notwithstanding that

photographic evidence and affidavit testimony established that Plaintiff

dove from a mere four (4) to five (5) feet. Moreover, AETNA concluded

that merely because Mr. Capone voluntarily chose to dive to the water,

his resulting injury was intended; not an "accident." AETNA and COX so

concluded, notwithstanding that the Plan does not provide any definition

of the term accident.

20.     AETNA and COX cited an "alcohol exclusion clause" in the plan, which

by its terms, specified only that it related to a presumption of causation in

connection with the operation of a motor vehicle.  AETNA made no

evaluation of any evidence suggesting that alcohol "caused" Mr.

Capone's accidental injury.  Moreover, AETNA ignored the affidavit

testimony provided by Dent Wizard, Inc.'s supervisor present with Mr. Capone, attesting to the fact that Mr. Capone did not appear to be impaired at the time he sustained his injury.

21.    As AETNA and COX have failed to use objective guidelines, rules or protocols to evaluate Mr. Capone's claim for benefits, changed its explanation for denying Mr. Capone's benefits, failed to produce documents it purported to rely upon and failed to give a thorough and complete review to Mr. Capone's claim for benefits, AETNA's subjective determinations are not entitled to any weight.  Based on these factors, AETNA and COX's 's decision to deny Mr. Capone's claim for benefits was arbitrary and capricious.

22.    Defendant COX had knowledge of the facts and events giving rise to Mr. Capone's claim for benefits.  COX had an affirmative duty as a fiduciary of the Plan to provide information to AETNA known to it respecting the accidental injury of Mr. Capone.  COX failed to disclose the knowledge it possessed regarding Mr. Capone's accidental injury in connection with his claim for benefits, despite its affirmative fiduciary obligation to do so.

23.    Mr. Capone has exhausted all administrative remedies under the Plan or all administrative prerequisites have been waived.

## COUNT I - CLAIM FOR BENEFITS.

24. Plaintiff re-adopts and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff is entitled to "AD&PL" benefits under the Plan pursuant to ERISA Section 502(a)(1)(B). This action is brought to recover benefits due pursuant to the terms of the Plan. Plaintiff is entitled to pre-judgment interest on the unpaid benefits due, retroactive to the date he initially filed his claim. Moreover, Plaintiff is entitled to an award of attorneys fees and costs pursuant to ERISA Section 502(g)(1).

## COUNT II - FOR CIVIL MONETARY PENALTIES

26. Plaintiff re-adopts and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. The Defendants have failed to comply with its obligation under ERISA to fully respond to written requests for documents.

28. Pursuant to ERISA Section 502(c), the Defendants are liable for civil monetary penalties in an amount up to $110 per day every day the Defendant has failed to respond to Plaintiff's request for documents.

29. Plaintiff is entitled to separately recover civil monetary penalties for each category or classification of documents the Defendant was required to

provide under ERISA and has failed to provide.

30. Plaintiff is entitled to pre-judgment interest on the amount of civil monetary penalties from the date the Plaintiff's request for documents was submitted.

31. Plaintiff is entitled to the award of attorneys fees and costs with respect to recovering the civil monetary penalties requested pursuant to ERISA Section 502 (g)(1).

## COUNT III - BREACH OF FIDUCIARY DUTY

32. Plaintiff re-adopts and re-alleges paragraphs 1 through 32 as if fully set forth herein.

32. The Defendants have a fiduciary obligation to administer the plan in a manner consistent with reasonable and prudent standards of care, and with a view towards providing benefits to its eligible participants.

33. The Defendants breached the standard of care when it denied Plaintiff's benefits, notwithstanding Plaintiff's submission of objective standards and documentation establishing his entitlement to said benefits.

34. The Defendants acted in their own self interest to minimize the payment they would be required to make under the Plan. The Defendants' own financial self interest created a breach of fiduciary duty to participants in

the Plan, including, Mr. Capone. The Defendants policy or procedure to use its own subjective notions to define undefined terms within the Plan and to disregard and ignore objective documentary and sworn evidence has resulted in the Defendants' failure to administer the Plan with a view toward providing benefits to beneficiaries of the plan and is contrary to its duties as a fiduciary of the Plan.

35. Defendants and fiduciaries of the Plan had an affirmative obligation to provide, disclose and review all information known or reasonably available regarding the accidental nature of Mr. Capone's injury and breached its fiduciary duty to Mr. Capone by failing to provide, disclose and review all facts known to it regarding the accidental nature of Mr. Capone's injury.

34. Plaintiff is therefore entitled to an equitable remedy under Section 502 (a)(2) and ERISA Section 502(a) (3) including but not limited to injunctive relief prohibiting the Defendants from denying benefits to a participant in the Plan for the self interest of the Defendants; and prohibiting the Defendants from maintaining a policy, practice or procedure of denying benefit claims utilizing own subjective notions of definitions of undefined plan terms and to disregard uncontroverted

documentary and sworn evidence and facts and evidence known to it in support of claims.

35.    Plaintiff is entitled to an award of attorneys fees and costs incurred in the bringing of this claim of breach of fiduciary duty pursuant to ERISA Section 502 (g)(1).

WHEREFORE, having shown just cause, Plaintiff respectfully requests that the Court enter judgment on behalf o the Plaintiff and against Defendants AETNA, the Plan, and COX ENTERPRISES, INC, and to award Plaintiff damages as follows:

1.    Accidental death and personal loss benefits under the Plan as required by said Plan, including a double indemnity payment as the accident occurred in the course and scope of employment;

2.    Pre-judgment interest on the unpaid benefits retroactive to the date of Plaintiff's initial submission of his claim.

3.    Monetary penalties of $110 per day plus interest from February 28, 2006 up through and including the date of judgment, together with pre-judgment interest on said amounts.

4.    Attorneys fees and costs as incurred by the Plaintiff with respect to the prosecution of this action and attorneys fees and costs associated with pre-suit activities necessary to bring the within action.

5.    Equitable relief on behalf of Plaintiff and other similarly situated

participants enjoining the Plan from engaging in continued breaches of its

fiduciary duty to participants and beneficiaries of the Plan.

Dated this 6th day of December, 2006.


                                                    /s/ Randall D. Grayson
                                                    Randall D. Grayson
                                                    Georgia Bar No.: 306560
                                                    Anderson Dailey, LLP
                                                    2002 Summit Blvd., Suite 1250
                                                    Atlanta, GA 30319
                                                    Phone(404)442-1811
                                                    Fax   (404)442-1820
                                                    RGrayson@georgialaw.org