UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES M. CAPONE, :

    Plaintiff, :

                                   CIVIL ACTION NO.

v. :

                                   1:06-CV-3014-MHS

AETNA LIFE INSURANCE :
COMPANY,

                           :

    Defendant.

### ORDER

    Following reversal and remand by the court of appeals, this action is before the Court on plaintiff's motion for entry of judgment in his favor. Defendant has filed a unified brief in opposition to plaintiff's motion for judgment and in further support of its previously filed motion for summary judgment. For the following reasons, the Court grants plaintiff's motion.[1]

Background

    This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., in which plaintiff James M. Capone seeks

---

[1] The Court denies defendant's motion for oral argument.

to recover benefits under his former employer's Welfare Benefit Plan (the "Plan"). Benefits under the relevant portion of the Plan are funded through an insurance policy and insurance contract with defendant Aetna Life Insurance Company ("Aetna").

On or about April 4, 2004, during an employer-sponsored event in the Bahamas, Capone was rendered a quadriplegic when he dove off a dock at his hotel, struck his head on the bottom of the ocean, and broke his neck. Capone filed a claim for benefits under the Plan, which Aetna denied initially and on appeal, giving two reasons: first, Capone's injury was the result of his voluntary actions and therefore was not "caused by an accident" within the meaning of the policy; and, second, even if his injuries were deemed to have been caused by an accident, Capone's use of alcohol was a contributing factor, and his loss was therefore subject to a specific policy exclusion.

Following Aetna's denial of his claim, Capone filed the instant action. After limited discovery, the parties filed cross-motions for summary judgment. The Court applied the heightened arbitrary and capricious standard of review set out in <u>Williams v. BellSouth Telecomms., Inc.</u>, 373

F.3d 1132, 1137-38 (11th Cir. 2004), as modified by subsequent decisions in Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008), and Doyle v. Liberty Life Assurance Co. of Boston, 542 F.3d 1352, 1359 (11th Cir. 2008). This standard of review required the Court first to determine whether Aetna's denial of benefits was *de novo* wrong, i.e., whether the Court disagreed with Aetna's decision. If not, the denial of benefits would be upheld. If so, then the Court would determine whether, even though wrong, Aetna's decision was reasonable, taking into account Aetna's conflict of interest. If the decision was reasonable, it would be upheld. If, on the other hand, the decision was arbitrary and capricious, it would be reversed.

The Court found that Aetna's decision was not *de novo* wrong; therefore, the Court upheld the denial of benefits. First, the Court held that the insurance policy must be construed in accordance with Georgia law, and that under the "accidental means" doctrine incorporated in Georgia law, plaintiff's injury in this case was not caused by an accident and thus was not covered by the policy. Second, the Court found that the evidence supported Aetna's conclusion that plaintiff's injury was caused or contributed to by the use of alcohol and that the policy therefore excluded coverage.

Plaintiff appealed, and the Eleventh Circuit reversed. <u>Capone v. Aetna Life Ins. Co.</u>, 592 F.3d 1189 (11th Cir. 2010). The court of appeals found that Aetna's decision to deny benefits was *de novo* wrong. First, the court agreed that Georgia law applied to plaintiff's claim but held that the "accidental means" doctrine did not bar plaintiff's recovery because plaintiff presented evidence that an external force, such as an unexpected wave, had caused or contributed to the unforeseen result, thus shifting to Aetna the burden to prove that plaintiff was not entitled to benefits.[2] The court held that Aetna failed to carry its burden because it "did not conduct a thorough investigation into the events preceding the injury." <u>Id.</u> at 1199. Specifically, the court noted that "Aetna failed to investigate the depth of the water at low tide, the depth of the water at high tide and the tidal conditions at the time of the accident," and that "Aetna made no attempt to locate other guests who might have been on scene, which could have been done through hotel records." <u>Id.</u> Moreover, "Capone showed that Aetna's estimate of the dock's height was

---

[2] The court of appeals cited evidence that plaintiff had made the dive once without incident, that other individuals were diving or jumping at the same time without incident, and that diving from the dock was a common practice. These prior occurrences of similar acts without injury, the court noted, were "a strong indicator of changed conditions," making it "most likely" that there was "some unforeseen or unintended condition or combination of circumstances that contributed to Capone's injury on that particular dive." <u>Capone</u>, 592 F.3d at 1199.

4

clearly erroneous, yet the record does not reflect any additional action taken by Aetna to review their decision." Id. The court held that "Aetna had the responsibility to fully investigate Capone's claims before denying benefits," and concluded that "the denial of benefits without a proper investigation was *de novo* wrong." Id. at 1199-1200.

Second, with regard to the alcohol exclusion, while the court of appeals agreed that it was reasonable to conclude that Capone was under the influence of alcohol at the time of the accident, the court found that it was "unreasonable to conclude that his intoxication caused his injury." Id. at 1200. The court held that Capone had carried his burden of proving a *prima facie* case of entitlement to benefits by showing that several other individuals were diving from the dock at the same time as he did, and that they dove irrespective of their consumption of alcohol. Id. The burden then shifted to Aetna to prove that Capone was not entitled to benefits because of the alcohol exclusion. Once again, the court of appeals held that Aetna failed to carry this burden because it failed to conduct a reasonable investigation. Specifically, the court noted, Aetna conducted "no investigation regarding the series of events leading up to the dive or the intoxication level of the other

5

divers," some of whom may have "consumed no alcohol, yet still chose to dive." Id. The court also rejected Aetna's claim that because Capone was intoxicated, his judgment was necessarily impaired, holding that "[t]here is simply not enough in the record to sufficiently connect Capone's decision to dive with his state of intoxication." Id. The court concluded that "the denial of benefits based upon the alcohol exclusion without more was *de novo* wrong." Id. at 1201.

Having concluded that Aetna's decision denying benefits was *de novo* wrong, the court of appeals remanded the case to this Court "for further consideration." Id. at 1201.

Discussion

Following remand, Capone moved for entry of judgment in his favor. Capone argues that the Eleventh Circuit's finding that Aetna's investigation was unreasonable requires this Court to find that Aetna's decision denying benefits was arbitrary and capricious as a matter of law. Noting that under the arbitrary and capricious standard of review, the Court is now required to determine whether Aetna's decision, even though *de novo* wrong, was

6

nevertheless supported by "reasonable" grounds, Capone argues that "[i]t is simply not possible to find that an unreasonable and insufficient investigation is supported by reasonable grounds." Pl.'s Mot. at 4. Consequently, Capone argues, the Court must find that Aetna acted arbitrarily and capriciously in denying his claim for benefits and enter judgment in his favor.[3]

In response, Aetna argues that the Court should ignore the Eleventh Circuit's mandate because its conclusions pertaining to the applicable burdens of proof and Aetna's duty to investigate are clearly erroneous and/or manifestly unjust. Aetna also argues that the court of appeals' findings of fact and conclusions of law support the conclusion that Aetna's denial of benefits based on the alcohol exclusion was reasonable.

The Court rejects Aetna's contention that it may ignore the Eleventh Circuit's mandate because its holdings regarding the burden of proof and

---

[3] Alternatively, Capone argues that the Court should reconsider its ruling that the arbitrary and capricious standard of review applies and hold that Aetna's decision should be reviewed *de novo*, which, in light of the court of appeals' decision, would also mandate entry of judgment in plaintiff's favor. The Court sees no reason to revisit its prior ruling on the applicable standard of review and declines to do so.

7

Aetna's duty to investigate are clearly erroneous and/or manifestly unjust. The Eleventh Circuit has made very clear a district court's duty in this regard: "[W]hen acting under an appellate court's mandate, a district court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; *or review it, even for apparent error, upon a matter decided on appeal;* or intermeddle with it, further than to settle so much as has been remanded." United States v. Amedeo, 487 F.3d 823, 830 (11th Cir. 2007)(emphasis supplied)(internal quotation marks and citation omitted).

Accordingly, accepting as it must the court of appeals' ruling that Aetna's decision denying Capone benefits was *de novo* wrong, the only task remaining for this Court is to complete the remaining steps of the Williams analysis. Since the Court has already determined that Aetna was vested with discretion in reviewing claims, the next step in the analysis is to determine whether, even though *de novo* wrong, there are "reasonable" grounds supporting Aetna's decision. See Williams, 373 F.3d at 1138.

The Court agrees with plaintiff that the Eleventh Circuit's decision precludes a finding that there are reasonable grounds supporting Aetna's decision to deny benefits. Aetna's decision was based on two findings: (1) that plaintiff's injury did not result from accidental means, and (2) that plaintiff's injury was caused or contributed to by the use of alcohol. The court of appeals found that Aetna had not conducted a reasonable investigation sufficient to support either finding. Therefore, the Court concludes that Aetna's decision to deny benefits was arbitrary and capricious.

With respect to accidental means, the court of appeals found that "Aetna had the responsibility to fully investigate Capone's claims before denying benefits," but that "Aetna did not conduct a thorough investigation into the events preceding the injury" and "failed to adequately address the issues raised in Capone's appeal." 592 F.3d at 1199-1200. Instead, Aetna took the position that "when Capone voluntarily dove into shallow water, the resulting injury was foreseeable, regardless of whether any change in circumstances occurred." Id. at 1199. However, absent a proper and thorough investigation, there are no reasonable grounds to support Aetna's position.

With respect to the alcohol exclusion, the court of appeals found that "it is unreasonable to conclude that [Capone's] intoxication caused his injury," and that "Aetna did not conduct a reasonable investigation sufficient to show that Capone is not entitled to benefits." Id. at 1200. The court specifically rejected Aetna's contention that because the decision to dive required a degree of judgment, and Capone's judgment was necessarily impaired because he was intoxicated, alcohol necessarily caused or contributed to his injury. Id. The court concluded: "Aetna has not presented sufficient evidence that suggests that the consumption of alcohol caused or contributed to the accident and resulting injury." Id. at 1200-01. Absent such evidence, there are no reasonable grounds for Aetna's application of the alcohol exclusion.

Since no reasonable grounds support Aetna's decision to deny benefits, the Court ends it inquiry and reverses Aetna's decision. There is no dispute over the face amount of the benefit payable to plaintiff under the policy, which is $535,000.00. Nor does Aetna dispute plaintiff's entitlement to interest on the award at 18% per annum from December 2, 2005, which is fifteen days after plaintiff had submitted all information requested by Aetna

before its denial of plaintiff's claim for benefits. Final judgment will be entered accordingly.

## Summary

For the foregoing reasons, the Court DENIES defendant's motion for oral argument [#97], GRANTS plaintiff's motion for entry of judgment [#88], and DIRECTS the Clerk to enter judgment in favor of plaintiff in the amount of $535,000.00, plus interest at the rate of eighteen percent (18%) per annum from December 2, 2005.

IT IS SO ORDERED, this ___14__ day of June, 2010.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia